IN THE DISTRICT COURT OF BRYAN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| WILLIAM DAVID BISHOP, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CJ-2013-168 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and RACHEL MARIA MORENO | ) |
| Defendants. | ) |

FILED
BRYAN COUNTY, OKLAHOMA
DISTRICT COURT CLERK

SEP 30 2013

SANDY STROUD
COURT CLERK
BY _____ Deputy

**PETITION**

COMES NOW the Plaintiff, William David Bishop, and for his cause of action against the Defendants, Rachel Maria Moreno and State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), alleges and states:

**STATEMENT OF FACTS**

1. That on or about March 29, 2012, at or near the intersection of United States Highway ("US") 70 and Leavenworth Trail, Bryan County, State of Oklahoma, the Defendant, Rachel Maria Moreno, negligently and carelessly operated a motor vehicle causing a collision with the motor vehicle operated by William Bishop.

2. That prior to the collision, the Plaintiff entered into a contract of insurance with State Farm for uninsured/underinsured motorist protection ("UM/UIM") in the amount of $300,000.00 which was in full force and effect at the time of the collision on March 29, 2012.

3. That Plaintiff had been under contract with State Farm for UM/UIM coverage for at least fifteen (15) years.

4. That as a result of the March 29, 2012 wreck the Plaintiff has incurred medical

1

charges in excess of $25,000.00, and he will continue to incur costs in the future for medical treatment and care along with past and future lost wages in excess of $75,000.00.

5. That Rachel Maria Moreno is an uninsured/underinsured motorist as that term is defined by 36 O.S. §3636.

6. That as a result of Rachel Maria Moreno's uninsured/underinsured motorist status, UM/UIM claim number 36-07Q0-422 was opened by State Farm on or about June 22, 2012.

7. That Plaintiff's damages exceed the $25,000.00 in underlying liability limits belonging to Rachel Maria Moreno.

8. That from March 29, 2012 to present State Farm paid no benefits to the Plaintiff under the UM/UIM claim.

## FIRST CAUSE OF ACTION: GENERAL NEGLIGENCE

9. Plaintiff adopts and re-pleads the aforementioned paragraphs to the extent the same are not inconsistent with the claims set forth below, and for his additional claims the Plaintiff further alleges and states as follows:

10. That Plaintiff was driving his vehicle westbound on U.S. 70, in Bryan County.

11. That Defendant, Rachel Maria Moreno, wrongfully, carelessly and negligently failed to stop and yield to a vehicle operated by Plaintiff before turning into a private driveway causing a collision with the Plaintiff's vehicle.

12. That Defendant, Rachel Maria Moreno, negligently and proximately caused her vehicle to collide with the vehicle operated by the Plaintiff.

13. That Defendant caused Plaintiff to sustain property damage, lost wages, and physical injuries.

14. That at all relevant times mentioned herein Plaintiff acted properly and lawfully within her vehicle.

## SECOND CAUSE OF ACTION: UNINSURED MOTORIST COVERAGE

15. Plaintiff adopts and re-pleads the aforementioned paragraphs to the extend the same are not inconsistent with the claims set forth below, and for his additional claims the Plaintiff further alleges and states as follows:

16. That as a direct result of the negligence of the uninsured/underinsured driver, the Plaintiff's claim exceeds any underlying liability limits.

17. That under the contractual terms of the uninsured/underinsured motorist coverage contract, the Defendant, State Farm, is liable for all Plaintiff's damages exceeding the underlying liability limits of Rachel Maria Moreno.

18. That as a direct result of the actions of Defendant, State Farm, Plaintiff has been damaged in an amount in excess of $75,000.

## THIRD CAUSE OF ACTION: BREACH OF CONTRACT

19. Plaintiff adopts and re-pleads the aforementioned paragraphs to the extent the same are not inconsistent with the claims set forth below, and for his additional claims the Plaintiff further alleges and states as follows:

20. An insurance contract between Plaintiff and State Farm providing $300,000.00 of UM/UIM coverage was in full force and effect at the time of the wreck on March 29, 2012.

21. State Farm breached the insurance contract in one or more of the following ways:

    a. Failure to timely and properly evaluate Plaintiff's UM/UIM claim;

    b. Failure to conduct an investigation reasonably appropriate under the circumstances;

      c. Failure to swiftly and promptly pay all or part of the UM/UIM claim for the value or within the range of values assigned to the claim; and

      d. Failure to timely and properly pay undisputed amounts.

22. As a direct result of State Farm's breach of the insurance contract, Plaintiff has suffered actual damages, lost wages, financial hardship, mental pain and anguish, and physical pain and suffering in an amount in excess of $75,000.00.

23. Under the contractual terms of the insurance contract, State Farm is liable for all of Plaintiff's damages on a "first-dollar" basis, not to exceed the UM/UIM policy limits of $300,000.00.

## FOURTH CAUSE OF ACTION: BAD FAITH

24. Plaintiff adopts and re-pleads the aforementioned paragraphs to the extent the same are not inconsistent with the claims set forth below, and for his additional claims the Plaintiff further alleges and states as follows:

25. State Farm has a duty to deal fairly and act in good faith with the Plaintiff.

26. State Farm is required under the insurance contract to timely and properly evaluate Plaintiff's UM/UIM claim; to conduct an investigation reasonably appropriate under the circumstances; to swiftly and promptly pay for the value or within the range of values assigned to the claim; and to timely and properly pay undisputed amounts.

27. Despite and considering the above and foregoing, State Farm failed to deal fairly and act in good faith with the Plaintiff in accordance with the terms and conditions of the insurance contract by engaging in the following acts and omissions:

a. State Farm unreasonably delayed its evaluation of Plaintiff's UM/UIM claim by taking more than eight (8) months to evaluate the claim and subsequently deny coverage;

b. State Farm unreasonably evaluated Plaintiff's UM/UIM claim by concluding after eight (8) months that the value of the UM/UIM claim was within the underlying policy limits of the Defendant, Rachel Maria Moreno, despite knowing Plaintiff has incurred medical charges in excess of $25,000.00; lost wages in excess of $20,000; and

c. State Farm has made no UM/UIM payments since March 29, 2012 despite knowing Plaintiff has incurred additional medical charges, lost wages and future lost wages in excess of $75,000 as of January 25, 2013.

28. The violation by State Farm of its duty of good faith and fair dealing is the direct cause of the injuries and damages sustained by Plaintiff.

29. That as a direct cause of State Farm's bad faith conduct, Plaintiff has suffered financial losses, embarrassment and loss of reputation, physical pain and suffering, and mental pain and suffering.

30. That State Farm's conduct was wrongful, intentional, willful, malicious and in reckless disregard to the rights of Plaintiff. Furthermore, State Farm's intentional, willful, malicious and/or reckless conduct was sufficiently egregious so as to warrant imposition of punitive damages.

31. That State Farm has enjoyed the increased financial benefit and has been unjustly enriched as a direct result of the wrongful, intentional, willful, malicious and/or reckless conduct described above.

## FIFTH CAUSE OF ACTION – *NEGLIGENCE PER SE*

32. Plaintiff adopts and re-pleads the aforementioned paragraphs to the extent the same are not inconsistent with the claims set forth below, and for his additional claims the Plaintiff further alleges and states as follows:

33. Defendant, Rachel Maria Moreno, had a duty to obey 47 O.S. §11-403.

34. Defendant, Rachel Maria Moreno, failed to observe the precautions imposed as duties under 47 O.S. §11-402.

35. That the violations by Defendant, Rachel Maria Moreno, of 47 O.S. §11-402 proximately caused the injuries and damages sustained by the Plaintiff.

36. That the violation by Defendant, Rachel Maria Moreno, of 47 O.S. §11-402 was reckless and in wanton disregard to the rights and safety of the motoring public.

37. That the violations by Defendant, Rachel Maria Moreno, constitute *negligence per se* for which she is liable.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays for Judgment in his favor and against Defendants for:

a) Actual and punitive damages each in an amount in excess of $75,000.00;

b) Prejudgment interest, costs and a reasonable attorneys' fee;

c) Disgorgement of the increased financial benefits derived by State Farm as a direct result of any of the conduct causing injury and damages to Plaintiff; and

d) Such other and further relief as this Court may deem equitable, just and proper.

Respectfully submitted,
**FOSHEE & YAFFE**

_____
J. Drew Houghton, OBA #18080
P.O. Box 890420
Oklahoma City, OK  73189
Telephone: (405) 632-6668
Facsimile: (405) 632-3036
dhoughton@fylaw.com
*ATTORNEYS FOR THE PLAINTIFFS*

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED